**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 11, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYO COSMOPOLITINA TEETER,

    Defendant - Appellant.

No. 24-1196
(D.C. No. 1:19-CR-00356-RM-15)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **EID**, Circuit Judges.

_____

Rayo Teeter's plea agreement included a broad waiver of her appellate rights. Yet she appeals her sentence. The government moves to enforce her appeal waiver. Her attorney responded, concluding the waiver should be enforced and moving to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Ms. Teeter to respond herself, but she has not done so. Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would be frivolous. We think it would.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

***Scope of the waiver.*** Ms. Teeter waived "the right to appeal any matter in connection with this prosecution, conviction, or sentence." Mot. to Enforce, Attach. 1 at 2–3. The waiver has three exceptions, but none applies. And so the waiver covers this appeal.

***Knowing and voluntary waiver.*** The plea agreement and the plea colloquy show that Ms. Teeter knowingly and voluntarily waived her right to appeal.

***Miscarriage of justice.*** Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327. We see nothing suggesting that enforcing the waiver here will result in a miscarriage of justice.

\*    \*    \*

We grant counsel's motion to withdraw. We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court

Per Curiam

2